AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Mary A. Futcher)  C&W # 22-26

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Mahmoud Ali Ahmed Rashwan<br><br>Defendant(s) | Case No. 22-mj-413 |

## AMENDED CRIMINAL COMPLAINT

On or about the date(s) of  February 26 2022 & March 12 2022  in the county of  Lehigh  in the  Eastern  District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 924(a)(1)(A) | Knowingly Making a False Statement with respect to Information required to be kept by Federal Firearms Licensee |
| 18 U.S.C. Section 922(g)(5) (A) & (B) | Unlawful For Any Person Being Illegally or Unlawfully in the United States or having been admitted to the United States on a non-immigrant visa to possess a firearm. |

This criminal complaint is based on these facts:

See Affidavit

☐ Continued on the attached sheet.

/s/ Carmen Dvorak de Morales
*Complainant's signature*

Carmen Dvorak de Morales
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 25 2022 2:39 pm

Honorable Richard A. Lloret
*Judge's signature*

City and state: Philadelphia, PA

Honorable Richard A. Lloret, U.S. Magistrate Judge
*Printed name and title*

## AMENDED AFFIDAVIT

I, Carmen Dvorak de Morales, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent with the Federal Bureau of Investigation. I have been employed by the FBI since October 27, 2019, and, as such, I am a federal law enforcement officer within the meaning of Fed. R. Crim. P. 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a complaint and arrest warrant. I am currently assigned to the Allentown Resident Agency of the Philadelphia Division. Prior to joining the FBI, I was employed as an Assistant State's Attorney with the Cook County State's Attorney's Office in Illinois from approximately December 2013 to October 2019. As a Special Agent, I have received instruction and on the job training in various aspects of law enforcement. During my employment with the FBI, I have participated in investigations involving international and domestic terrorism, bank robberies, drug trafficking, financial institution fraud, human trafficking, and other federal violations. In the course of those investigations, I have employed the use of electronic surveillance techniques, have executed numerous search and arrest warrants, conducted physical and electronic surveillance, utilized information from cellular service providers, including historical cell site and location information, and secured other relevant information utilizing additional investigative techniques.

2.  The facts in the affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. The affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about the matter.

3. This affidavit is being made in support of an application for a criminal complaint and arrest warrant charging the defendant Mahmoud Ali Ahmed Rashwan ("Rashwan") with violations of Title 18 U.S.C. §§922(g)(5) and 924(a)(1)(A).

4. Title 18, United States Code, Section 922(g)((5) states: "it shall be unlawful for any person…who, being an alien (A) is illegally or unlawfully in the United States; or (B) has been admitted to the United States under a nonimmigrant visa … to possess in or affecting commerce, any firearm or ammunition.

5. Title 18, United States Code, Section 924(a)(1)(A) makes it a crime for any individual to knowingly make any false statement or representation with respect to information required to be kept in the records of a federal firearms licensee. A Firearms Transaction Record, Form 4473, is information that is required to be kept in the records of a federal firearms licensee.

## PROBABLE CAUSE

6. On February 4, 2018, Rashwan was admitted to the United States as a B-2 Visitor which allowed him to remain in the United States until August 3, 2018. Rashwan traveled to the United States on an Egyptian passport that was issued on July 25, 2016, with an expiration date of July 24, 2023.[1] Rashwan's passport identifies him as an Egyptian national.

7. On August 23, 2018, Rashwan completed Form I-589, an Application for Asylum and Withholding of Removal, which was stamped as received by the Department of Homeland Security, U.S. Citizenship and Immigration Services, on August 27, 2018. On October 22, 2018, Rashwan was interviewed by an Asylum Officer, and on October 30, 2018, the Asylum Officer

---

[1] Immigration documents show that on December 3, 2017, Rashwan was issued a Type B1/B2 Visa, NIV (Non-Immigrant Visa) #M718345, in Cairo, with an expiration date of November 28, 2022. This Visa permits Rashwan to enter the untied States but limits his stay to a period of six-moth increments within that time period.

2

denied Rashwan's Application for Asylum and Withholding of Removal and referred his denial to an Immigration Judge.

  8. On November 2, 2018, USCIS issued a Form I-862, Notice to Appear in removal proceedings under section 240 of the Immigration and Nationality Act, also known as the "charging document." Rashwan's address on the Notice to Appear was 2391 Fernor Street, Apt. B-18, Allentown, PA 18103, and his area code and phone number was 484-274-9937. The Notice to Appear charges that Rashwan had been admitted to the United States, but was removable for the following reasons alleged by the Department of Homeland Security: (1) he was not a citizen or national of the United States; (2) he was a native of Egypt and a citizen of Egypt; (3) he was admitted to the United States at Charlotte, NC on or about February 4, 2018, as a nonimmigrant B-2 with authorization to remain in the United States for a temporary period not to exceed August 3, 2018; and (4) he remained in the United States beyond August 3, 2018, without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security. The Notice to Appear states that "[o]n the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law: Section 237(a)(1)(b) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted." The Notice to Appear requires Rashwan to appear before an immigration judge of the United States Department of Justice at 900 Market Street, Philadelphia, PA 19107, on November 28, 2018, at 9:30, to show why he should not be removed from the United States. On November 5, 2018, Rashwan signed a Certificate of Service indicating that he was personally served with the Notice

3

to Appear. The Removal Hearing date was subsequently postponed from November 28, 2018, until April 10, 2019.

9. Accompanying the Notice to Appear, and dated November 5, 2018, was a Referral Notice informing Rashwan that USCIS denied his application for asylum after a finding that his claim was not credible. Rashwan was informed that his asylum application was referred to an immigration judge for adjudication in removal proceedings. The letter said that "this is not a denial of your asylum application," and that the immigration judge would evaluate his asylum claim independently and was not required to rely on or follow the decision made by USCIS. The Referral Notice also informed Rashwan that because he was in removal proceedings, he must notify the Immigration Court within five days of any change of address, and that he was subject to a 150-day waiting period before he could apply for employment authorization, and an additional 30 days before employment authorization could be approved, for a total of 180 days. Because less than 150 days had elapsed since Rashwan first filed his asylum application, the Referral Notice stated that he was not eligible to apply for employment authorization until January 24, 2019.

10. On April 10, 2019, the Immigration Court issued a Notice of Hearing in Removal Proceedings to Rashwan, 2931 Fernor Street, Apt. B18, Allentown, PA 18103, to appear before the Immigration Court, 900 Market Street, Suite 504, Philadelphia, PA 19107, for a Master/Individual Hearing on May 24, 2022, at 9:00 a.m. The Certificate of Service attached to the Notice indicates that Rashwan's attorney was personally served with the Notice on April 10, 2019.

11. On June 20, 2019, Rashwan completed an Application for Employment Authorization. In that application, Rashwan stated that his immigration status when he arrived in

the United States was as a B-2 visitor. He indicated that his current immigration status was as a B-2 overstay.

12. On July 17, 2019, Rashwan was issued an Employment Authorization Card which was valid until July 16, 2021. The card states, "NOT VALID FOR RENTRY TO THE UNITED STATES."

13. On February 5, 2021, Rashwan completed another Application for Employment Authorization. In that Application, Rashwan stated that his immigration status was as a B-2 visitor, and that his current immigration status was "No Status."

14. On February 26, 2022, Rashwan completed a Bureau of Alcohol, Tobacco, Firearms and Explosives, Firearms Transaction Record, Form 4473, to complete the purchase of a Ruger, Model AR556, Serial Number 83996627, rifle, caliber 556, at a gun show in Allentown, PA. Rashwan sought to purchase the firearm from a Federal Firearms Licensee ("FFL") that was selling guns at the show. Rashwan listed his address on the Form 4473 as 2457 30th Street, Allentown, PA 18103, Lehigh County[2], that his place of birth was Egypt, and he checked the box stating that the United States of America was his country of citizenship. He did not check the box or indicate on the form that Egypt was his country of citizenship. He checked the "no" box to question k which states, "[a]re you an alien illegally or unlawfully in the United States?" He also checked the "no" box to question 21.1.1 which states, "[a]re you an alien who has been admitted to the United States under a nonimmigrant visa?" He left blank both the "yes" and

---

[2] A lease obtained from the apartment management company Lehigh Square showed that defendant's brother was the lessee of the apartment at 2457 30th Street, Apt. L-7, Allentown, PA 18103, and that the defendant's brother's move-out date from Apt. L-7 was August 30, 2021. According to Lehigh Square management company, the defendant leased an apartment at 2931 Fernor Street, Apt. B-18, Allentown, PA 18103 beginning February 3, 2018. A lease from the same management company showed that defendant moved from Apt. B-18 to an apartment at 2464 Mountain Lane, Apt. H-23, Allentown, PA 18103, with a lease beginning November 1, 2018, and a move-out date of August 31, 2019. The defendant gave his forwarding address to Lehigh Square as 7032 57th Road, Flushing, New York 11378.

"no" boxes to question 21.1.2 which states, "[i]f you are such an alien do you fall within any of the exceptions stated in the instructions? (U.S. citizens/nationals leave 21.1.2 blank)." He certified that his answers were true, correct, and complete. He signed the Form 4473 on February 26, 2022, after the certification above the signature line, in which Rashwan certified that he understands that a person who answers "yes" to 21.1.1, which asks if you are an alien who has been admitted to the United States under a nonimmigrant visa, is prohibited from receiving or possessing a firearm. The certification further stated that making any false oral or written statement or exhibiting any false or misrepresented identification with respect to the transaction, is a crime punishable as a felony under Federal law. A Pennsylvania driver's license was provided as a form of identification, and Rashwan's Pennsylvania driver's license number and expiration date are listed on the Form 4473. On February 26, 2022, the FFL submitted the Form 4473 to the NICS (National Instant Background Check System) or the appropriate state agency to complete the background check on Rashwan regarding the purchase of the Ruger, Model AR556, Serial Number 83996627, rifle, caliber 556.

15. On March 9, 2022, the Honorable Pamela A. Carlos, United States Magistrate Judge, issued a search warrant authorizing cell-site location and pen register information for a cell phone used by the defendant.

16. On March 12, 2022, at approximately 1:00 p.m., I received information from another FBI Special Agent that, pursuant to the cell-site location search warrant signed on March 9, 2022, the cell phone used by the defendant was in the vicinity of a Pennsylvania State Game Land Number 205 Shooting Range located in New Tripoli, Pennsylvania (New Tripoli State Game Land Shooting Range). The FBI Special Agent informed me that he then contacted a

Pennsylvania State Game Warden ("Game Warden"), who is also an FBI Task Force Officer ("TFO"), and requested that the TFO Game Warden contact a Game Warden at that location.

17. The TFO Game Warden then contacted the on-duty Game Warden at that location. The TFO Game Warden told the on-duty Game Warden that the TFO Game Warden believed that individuals, including one individual who was not permitted to possess a firearm, were at the New Tripoli State Game Land Shooting Range. I have been informed that it is the responsibility of the on-duty Game Warden to patrol the New Tripoli State Game Land Shooting Range and to check individuals at the location to determine if they have a range permit.

18. While doing patrol on March 12, 2022, the on-duty Game Warden observed Rashwan and two other individuals on the shooting range and stopped to inquire if the defendant and the two other individuals had a shooting range permit. As the on-duty Game Warden approached Rashwan and the two other individuals[3], the on-duty Game Warden received the information from the TFO Game Warden. The on-duty Game Warden stated that the on-duty Game Warden saw Rashwan shooting a firearm while he was on patrol.

19. In the presence of the on-duty Game Warden and the TFO Game Warden, Rashwan stated that the firearm belonged to him.

20. Upon my arrival at the New Tripoli State Game Land Shooting Range with other FBI Special Agents, I observed that Rashwan and two other individuals were inside vehicles belonging to the TFO Game Warden and the on-duty Game Warden. Both Game Wardens were standing outside of their vehicles. At this time, the Game Wardens had already confiscated the rifle used by the defendant at the shooting range. The defendant was removed from the vehicle and placed under arrest.

---

[3] The on-duty Game Warden stated that he approached Rashwan after observing Rashwan shoot in excess of six rounds in violation of 58 PA Code, § 135.181(b)(6).

7

21. The two other individuals with Rashwan were identified as his brothers. I interviewed one of the brothers who stated that he and the defendant went to the gun show in Allentown approximately two weeks ago, and that Rashwan completed paperwork at the gun show to purchase a firearm. Rashwan's brother stated that the gun dealer said either that the system was down or that it was too slow, so Rashwan provided the gun dealer with his cell phone number. Rashwan's brother said that he did not think that Rashwan had heard back from the gun dealer so that the next week, Rashwan went to Reading, Pennsylvania to purchase the firearm that he had with him at the New Tripoli State Game Land Shooting Range. Rashwan's brother stated that Rashwan purchased it with cash from someone in Reading, and that Rashwan met the seller on an online forum where people discuss guns and shootings. Rashwan told his brother that he got a good deal on it, and that he got a lot of ammunition with it. Rashwan's brother also said that he and Rashwan went shooting at state game lands last weekend.

22. The firearm possessed by Rashwan was identified as a Stag Arms, Model Stag-15, caliber 5.56, bearing serial number 212-915, and a marking stating New Britain, Connecticut, U.S.A. An open source shows that Stag Arms is currently located in Cheyenne, Wyoming, and was previously located in New Britain, Connecticut. Therefore, the firearm possessed by Rashwan traveled in interstate commerce.

23. Rashwan admitted that he was at the gun show in Allentown and that he attempted to purchase a firearm at that time and completed the Form 4473. Rashwan stated that on or about March 2, 2022, he purchased a long gun for $1500 in cash at the Airport Diner, Kutztown, PA from a man he believes to be from the Reading, PA area.

## CONCLUSION

24. Based on Rashwan's answers on the Form 4473, I submit that probable cause exists to believe that Rashwan knowingly violated Title 18, United States Code, Section 924(a)(1)(A) when he provided false information on the Form 4473 by stating that he lives at his brother's former Pennsylvania address; by checking the box indicating that he was a United States citizen when he is a citizen of Egypt; by checking the "no" box that he was not an alien illegally or unlawfully in the United States, when he previously stated on an application for employment in June 2019, that he was a B-2 Visa overstay, and in February 2021, that his status in the United States was "no status;" and that he was not an alien who had been admitted to the United States under a nonimmigrant visa, when he was admitted to the United States under a nonimmigrant visa, and he described himself as either B-2 visitor overstay or B-2 visitor "no status" on his applications for employment.

25. I further submit that probable cause exists to believe that Rashwan knowingly violated Title 18 United Sates Code, Section 922(g)(5)(A) & (B) based on his possession on March 12, 2022, of a firearm and ammunition at the New Tripoli State Game Land Shooting Range.

Respectfully submitted,

*/s Carmen Dvorak de Morales*
Carmen Dvorak de Morales
Special Agent, Federal Bureau of Investigation

Sworn and subscribed
Before me this 25th
day of March 2022.

*Honorable Richard A. Lloret*
HONORABLE RICHARD A. LLORET
United States Magistrate Judge

10