IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 22-118 |
| | : | |
| MAHMOUD ALI AHMED RASHWAN | : | |

**ORDER**

**AND NOW**, this 21st day of December, 2023, upon consideration of Defendant Mahmoud Ali Ahmed Rashwan's Motion for Judgment of Acquittal or New Trial Pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure (ECF No. 202), it is hereby **ORDERED** that Mr. Rashwan's Motion is **DENIED**.[1]

---

[1] On October 2, 2023, a jury found Mr. Rashwan guilty of possessing firearms (on two separate occasions) as an alien illegally or unlawfully in the United States (Counts 1 and 3) and making false statements to a federal firearms licensee (Count 2). Presently before the Court is Mr. Rashwan's request for a judgment of acquittal on all three Counts. The Third Circuit has explained that when considering a motion for judgment of acquittal under Rule 29, "it is not for us to weigh the evidence or to determine the credibility of the witnesses. Rather, we must view the evidence in the light most favorable to the government and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (cleaned up).

Here, Mr. Rashwan argues that the Government provided insufficient evidence as to whether he was an "alien illegally or unlawfully in the United States" and knew that he possessed that status. At trial, however, the Government provided testimony and other evidence from which a rational juror could have drawn those conclusions. In particular, a rational juror could have viewed Mr. Rashwan's visa overstay and undecided asylum application as evidence of illegal or unlawful presence in the United States, and that same juror could have found that Mr. Rashwan's inaccurate and inconsistent statements on Government forms, taken together with his efforts to purchase firearms through channels not requiring such forms, established that Mr. Rashwan knew he was not permitted to possess firearms given his immigration status.

The Court likewise denies Mr. Rashwan's Motion to the extent he predicates it on issues of law that this Court has already decided. First, Mr. Rashwan argues that the relevant firearms possession statute, 18 U.S.C. § 922(g)(5)(A), is facially unconstitutional for failing to define what it means to be "illegally or unlawfully in the United States." This Court, however, rejected that

BY THE COURT:

   /s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**

---

position in a pretrial memorandum (*see* Mem. at 9 n.5, ECF No. 141), and Mr. Rashwan has not raised any new grounds for this Court to depart from that holding.  Second, the Court previously rejected Mr. Rashwan's theory that section 922(g)(5)(A) cannot apply to him because he applied for asylum before the extended expiration date of his visa; instead, this Court held that the pending asylum claim did *not* remove him from the scope of section 922(g)(5)(A) regardless of whether he initially entered this country legally.  (*See id.* at 5–8.)  Third, and finally, this Court has also already rejected Mr. Rashwan's request to dismiss Count 2 on the theory that he checked a box pertaining to U.S. citizens *or* nationals not because he was misrepresenting that he was a citizen, but rather because he believed he was a national.  This Court explained that Count 2 pertained to numerous *other* false statements as well, including those concerning Mr. Rashwan's address, Egyptian citizenship, alien number, and admission to the United States under a nonimmigrant visa.  (*See id.* at 10–11.)  Mr. Rashwan's argument fares no better in his present Motion.  The Government provided sufficient evidence for *each* of these misrepresentations.  In particular, a rational juror could have concluded from the testimony on Mr. Rashwan's visa overstay and pending asylum application that he was neither a U.S. citizen nor a U.S. national.  For these reasons, the Court denies Mr. Rashwan's requests for relief under Rule 29.

      Mr. Rashwan requests, in the alternative, that this Court grant him a new trial under Rule 33.  This Court may do so "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The Third Circuit has explained that "[s]uch motions are not favored and should be 'granted sparingly and only in exceptional cases.'"  *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)).  Accordingly, "even if a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial 'only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'"  *Id.* at 1004–05 (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)).  Based on the ample evidence submitted by the Government at trial, this Court cannot conclude that the jury verdict was contrary to such evidence, let alone that Mr. Rashwan's conviction presents "a serious danger that a miscarriage of justice has occurred."  The Court therefore denies this alternative request under Rule 33.