**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 22-118** |
| **MAHMOUD ALI AHMED RASHWAN** | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C.
Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb,
Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Josh
A.. Davison and Rosalynda M. Michetti, Assistant United States Attorneys, respectfully requests
entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the
United States represents as follows:

1.      On July 25, 2023, the defendant was charged by Third Superseding
Indictment with possession of a firearm by an alien illegally or unlawfully in the United States,
in violation of 18 U.S.C. § 922(g)(5)(A) (Counts One and Three), and making false statements to
a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Count Two).

2.      The Third Superseding Indictment also contained a Notice of Forfeiture.
The Notice of Forfeiture in the Superseding Indictment alleges that the defendant's interest in
certain property is forfeitable, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. 2461(c), as a result
of the offenses charged in Counts One through Three.

3.      On October 2, 2023, following a jury trial, the jury convicted the
defendant of Counts One through Three of the Third Superseding Indictment.

4.      On October 3, 2023, pursuant to Fed. R. Crim. P. 32.2(b)(5), the jury was retained to determine the forfeitability of specific property, a special verdict form listing each property subject to forfeiture was submitted to the jury, and the jury was asked to determine whether the government established the requisite nexus between the property and the offenses committed by the defendant.  The jury returned a Special Jury Verdict Form finding that the following property is subject to forfeiture:

        a)      a Stag Arms, Model Stag-15, 5.56mm rifle, bearing serial number 212915.

5.      As a result of his conviction, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally any firearm or ammunition involved in or used in his violations of 18 U.S.C. §§ 922 and 924, as charged in Counts One through Three of the Third Superseding Indictment.

6.      Based on the finding of the jury as set forth in the Special Jury Verdict Form returned by the jury at trial, the facts set forth at the defendant's trial, as well as those set in the record as a whole, the following specific property is subject to forfeiture as a result of the defendant's conviction as to Counts One through Three of the Third Superseding Indictment:

        **a)**      a Stag Arms, Model Stag-15, 5.56mm rifle, bearing serial number 212915,

as firearms and ammunition involved in or used in the defendant's violations alleged in Counts One through Three of the Third Superseding Indictment (hereinafter referred to as the "Subject Property").

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court

must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A).  When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay." Id.  The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).  "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B).  The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

8.     Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture.  The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

9.     The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

10.     The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

11.     The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 6 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

s/ Josh A. Davison
JOSH A. DAVISON
ROSALYNDA M. MICHETTI
Assistant United States Attorney

Date:   January 10, 2024

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA                    :

      v.                                                          :                    **CRIMINAL NO. 22-118**

MAHMOUD ALI AHMED RASHWAN          :

**<u>ORDER OF FORFEITURE</u>**

IT IS HEREBY ORDERED THAT:

1.      As a result of defendant Mahmoud Ali Ahmed Rashwan's conviction as to Counts One through Three of the Third Superseding Indictment, charging him with possession of a firearm by an alien illegally or unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A) (Counts One and Three), and making false statements to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Count Two), the defendant is required to forfeit criminally any firearm or ammunition involved in or used in his violations of 18 U.S.C. §§ 922 and 924, as charged in Counts One through Three of the Third Superseding Indictment, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.      All firearms and ammunition involved in or used in the defendant's violations of 18 U.S.C. §§ 922 and 924, as charged in Counts One through Three of the Third Superseding Indictment, are forfeited to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3.       Based on the finding of the jury set forth in the Special Jury Verdict Form returned by the jury at trial, the facts set forth at the defendant's trial, as well as those set forth in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's conviction as to Counts One through Three of the Third

Superseding Indictment, and that the government has established the requisite nexus between such property and such offenses:

       **a)**    a Stag Arms, Model Stag-15, 5.56mm rifle, bearing serial number 212915,

as firearms and ammunition involved in or used in the defendant's violations alleged in Counts One through Three of the Third Superseding Indictment (hereinafter referred to as the "Subject Property").

      4.    Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment.  See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

      5.    Upon entry of this Order, the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order, pursuant to Fed. R. Crim. P. 32.2(b)(3).

      6.    Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

      7.    Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General

may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8.      The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9.      Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10.      Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

- 3 -

11.     The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.     The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of _____, 2024.


_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

    I certify that a copy of the Government's Motion for Order of Forfeiture and

proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case

Filing (ECF) system and are available for viewing and downloading from the ECF system, and

that a true and correct copy of the motion and proposed order were served upon counsel for the

defendant by electronic filing, as follows:


JONATHAN ALAN MCDONALD
FEDERAL COMMUNITY DEFENDER OFFICE
601 Walnut Street, Suite 540
PHILADELPHIA, PA 19106
Jonathan_mcdonald@fd.org
215-928-1100

                      JOSH A. DAVISON
                      Assistant United States Attorney


Date: January 10, 2024